UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HILARY DIKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 16-12547-LTS |
| | ) | Civil No. 17-10509-LTS |
| DAVID SHULKIN, Secretary of the | ) | Civil No. 17-10779-LTS |
| U.S. Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

July 22, 2019

SOROKIN, J.

On September 5, 2018, Magistrate Judge Bowler allowed in open court a motion to enforce an oral settlement between the parties. See Doc. No. 55.[1] On October 1, 2018, plaintiff Hilary Dike filed a notice of appeal to the United States Court of Appeals for the First Circuit. Doc. No. 59. On October 29, 2018, because the September 5 hearing had not been recorded due to a technical malfunction, Magistrate Judge Bowler entered a memorandum setting forth the basis for her ruling. Doc. No. 69. On June 17, 2019, the First Circuit dismissed the appeal for lack of jurisdiction, finding that Magistrate Judge Bowler's order "was not a final decision as it was not reviewed by the district court" and therefore was "not immediately appealable." Doc. No. 71 at 1–2; see also 28 U.S.C. § 1291; United States v. Univ. of Massachusetts, Worcester, 812 F.3d 35, 44 (1st Cir. 2016).

---

[1] All citations to the docket refer to filings in the first lawsuit, Civil No. 16-12547-LTS.

The Court deems Magistrate Judge Bowler's order and memorandum, Doc. No. 69, a report and recommendation that the undersigned should allow the motion to enforce the oral settlement for the reasons set forth in the memorandum. However, the First Circuit noted that the memorandum had not "contain[ed] notice to the parties of the deadline for objecting" to its findings. Doc. No. 71 at 2. Because there exists no transcript of the September 5, 2018, hearing, there is no record of whether the magistrate judge then provided notice of the deadline to object to the parties.

Accordingly, any party who objects to the order and memorandum, Doc. No. 69, must file specific written objections thereto with the Clerk of this Court by August 5, 2019. See Fed. R. Civ. P. 72(b). The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of this Court's order based on this report and recommendation. See Keating v. Secretary of Health and Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378–379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk shall (1) docket this Order in all three civil actions listed on the caption; (2) mail a copy of this Order to plaintiff Hilary Dike by first-class mail, postage prepaid; and (3) mail a copy of this Order to plaintiff Hilary Dike by certified mail with a return receipt.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge